IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HASSAN ABPIKAR, | ) | No. C 12-3982 RMW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF SERVICE; |
| | ) | DIRECTING DEFENDANTS |
| v. | ) | TO FILE DISPOSITIVE |
| | ) | MOTION OR NOTICE |
| DWAYNE SANCHEZ, et al., | ) | REGARDING SUCH MOTION |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights action pursuant to Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons below, the court serves plaintiff's complaint upon named defendants.

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696,

1 | 699 (9th Cir. 1990).

2 |      The elements of a private cause of action under <u>Bivens</u> and its progeny, are:  (1) that a

3 | right secured by the Constitution of the United States was violated, and (2) that the alleged

4 | deprivation was committed by a federal actor.  <u>Van Strum v. Lawn</u>, 940 F.2d 406, 409 (9th Cir.

5 | 1991) (Section 1983 and <u>Bivens</u> actions are identical save for the replacement of a state actor

6 | under Section 1983 by a federal actor under <u>Bivens</u>).  When reviewing a <u>Bivens</u> action for which

7 | there is no case on point, therefore, § 1983 cases are applied by analogy.  <u>See, e.g.</u>, <u>Butz v.</u>

8 | <u>Economou</u>, 438 U.S. 478, 504 (1978) (no distinctions for purposes of immunity between state

9 | officials sued under § 1983 and federal officials sued under <u>Bivens</u>); <u>Van Strum</u>, 940 F.2d at 409

10 | (same statute of limitation should be used for Section 1983 actions as for <u>Bivens</u> actions).

11 | B.    <u>Plaintiff's Claims</u>

12 |      In his complaint, plaintiff alleges that defendants attempted to use plaintiff as an

13 | informant.  When defendants were dissatisfied with the information plaintiff provided to them,

14 | they obtained two search warrants, based on fraud and without probable cause, and searched

15 | plaintiff's residences.  Plaintiff further alleges that defendants did so in retaliation of plaintiff's

16 | religious beliefs, as well as to punish him for refusing to be a permanent informant.  Finally,

17 | plaintiff claims that defendants improperly seized jewels and other valuables which were not

18 | included in the search warrants.  Liberally construed, plaintiff has stated cognizable claims that

19 | defendants violated the First, Fourth, Fifth, and Eighth Amendments.  Plaintiff's claim that

20 | defendants violated his Fourteenth Amendment due process rights is DISMISSED because

21 | plaintiff is a federal litigant.  <u>See</u> <u>S.F. Arts & Athletics, Inc. v. U.S. Olympic Comm.</u>, 483 U.S.

22 | 522, 542 n.21 (1987) (recognizing that the Fourteenth Amendment applies only to the states

23 | while the Fifth Amendment applies to the federal government).

24 | C.    <u>Miscellaneous motions</u>

25 |      Plaintiff's motion "to retain jurisdiction and venue" in the San Francisco division of the

26 | Northern District of California is DENIED.  In general, cases filed in the Northern District of

27 | California are assigned by the clerk of the court by random and blind assignment.  N.D. Cal.

28 | Gen. Order No. 44.  Because the undersigned was assigned plaintiff's non-habeas civil

1  complaints less than five years ago, the instant action was assigned to the undersigned judge.

2  See id. at 44(D)(5), (6).

3        To the extent plaintiff requests recusal of the undersigned judge, that motion is DENIED.

4  Absent a legitimate reason to recuse himself or herself, a judge has a duty to sit in judgment in

5  all cases assigned to that judge. United States v. Holland, 519 F.3d 909, 912 (9th Cir. 2008).

6  The inquiry is whether a reasonable person would have a reasonable basis for questioning the

7  judge's impartiality, not whether the judge is in fact impartial. See In re Beard, 811 F.2d 818,

8  827 (4th Cir. 1987). Section "455(a) requires judicial recusal if a reasonable person, knowing all

9  the circumstances, would expect that the judge would have actual knowledge of his interest or

10  bias in the case." Sao Paulo State of Federative Republic of Brazil v. American Tobacco Co.,

11  535 U. S. 229, 231-32 (2002) (internal quotation marks omitted). Bias or prejudice developed

12  as a result of what a judge learns from participating in the course of prior proceedings is not

13  generally grounds for recusal. See Liteky v. United States, 510 U.S. 540, 555-56 (1994); United

14  States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 566-67 (9th Cir. 1995) (fact that judge

15  presided over criminal trials does not disqualify him from subsequent civil forfeiture case).

16  Moreover, judicial rulings alone may constitute grounds for appeal, but almost never constitute a

17  valid basis for a bias or impartiality motion. See Leslie v. Grupo ICA, 198 F.3d 1152, 1160 (9th

18  Cir. 1999) (court's adverse rulings are not an adequate basis for recusal). Thus, plaintiff has not

19  met his substantial burden of demonstrating that a reasonable person would have a reasonable

20  basis for questioning this court's impartiality.

21        Plaintiff's motion for clarification, filed November 20, 2012, is GRANTED. On

22  September 27, 2012, plaintiff filed a motion for clarification -- which was docketed as a "letter --

23  in which he questioned why he received mail from the clerk directing him to file a complaint.

24  On October 11, 2012, the court's paralegal responded to plaintiff's "letter," stating that the

25  clerk's notice was sent to him in error. The court's paralegal also sent plaintiff a courtesy copy

26  of the docket sheet. Despite plaintiff's belief, this matter remains under the jurisdiction of the

27  undersigned.

28

**CONCLUSION**

For the foregoing reasons, the court hereby orders as follows:

1.      Plaintiff's motion to retain jurisdiction is DENIED.  Plaintiff's motion to clarify is GRANTED.

2.      Plaintiff has presented claims cognizable under <u>Bivens</u>.  The clerk of the court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1), and a copy of this order to **Special DHS/ICE Federal Agent Dwayne Sanchez and Special DHS/ICE Federal Agent Thomas Orecchia** at the **U.S. Department of Homeland Security, 280 South First St. Suite 190, San Jose, CA  95113**; and **FBI Agent and Chief of the Anti-Terrorism Unit Robert Carr and Special DHS/ICE Federal Agent David Harris** at **950 South Bascom Avenue, Campbell, CA  95008**.

The clerk shall also send a copy of the summons and of the complaint to the Attorney General of the United States in Washington, D.C.  Additionally, the clerk shall mail a copy of this order to plaintiff.

3.      Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if defendants, after being notified of this action and asked by the court, on behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause is shown for their failure to sign and return the waiver form.  If service is waived, this action will proceed as if defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), defendants will not be required to serve and file an answer before **<u>sixty (60) days</u>** from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendants are asked to read the statement set forth at the bottom of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before defendants have been personally served, the Answer shall be due **<u>sixty (60) days</u>** from the date

on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

       4.      No later than **ninety (90) days** from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claim in the complaint.

          a.      If defendants elect to file a motion to dismiss on the grounds that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

          b.      Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **<u>Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.</u>**

       5.      Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendants no later than **twenty-eight (28) days** from the date defendants' motion is filed.  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

       6.      Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after plaintiff's opposition is filed.

       7.      The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

       8.      All communications by the plaintiff with the court must be served on defendants or defendants' counsel, by mailing a true copy of the document to defendants or defendants' counsel.

1    9.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

2    No further court order is required before the parties may conduct discovery.

3    10.    It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court

4    and all parties informed of any change of address and must comply with the court's orders in a

5    timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

6    pursuant to Federal Rule of Civil Procedure 41(b).

7    This order terminates docket numbers 4 and 9.

8    IT IS SO ORDERED.

9    DATED: _____

10   RONALD M. WHYTE
     United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

HASSAN ABPIKAR,

                Plaintiff,

  v.

DWAYNE SANCHEZ et al,

                Defendant.

_____/

Case Number: CV12-03982 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 21, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Hassan Abpikar
Federal Correctional Institution
Reg # 10969-111
3600 Guard Road
Lompoc, CA 93436

Dated: February 21, 2013

Richard W. Wieking, Clerk
By: Jackie Lynn Garcia, Deputy Clerk