IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HASSAN ABPIKAR, | ) | No. C 12-3982 RMW (PR) |
| Plaintiff, | ) | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |
| v. | ) | |
| DWAYNE SANCHEZ, et al., | ) | |
| Defendants. | ) | |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights action pursuant to Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Defendants have filed a motion to dismiss and motion for summary judgment. Although given an opportunity, plaintiff has not filed an opposition. For the reasons stated below, the court GRANTS defendants' motion to dismiss.

**BACKGROUND**

In his complaint, plaintiff alleges that defendants attempted to use plaintiff as an informant. When defendants were dissatisfied with the information plaintiff provided to them, they obtained two search warrants, based on fraud and without probable cause, and searched plaintiff's residences. Plaintiff further alleges that defendants did so in retaliation of plaintiff's religious beliefs, as well as to punish him for refusing to be a permanent informant. Finally, plaintiff claims that defendants improperly seized jewels and other valuables which were not

included in the search warrants.

## ANALYSIS

Defendants move to dismiss plaintiff's complaint as untimely. "Although federal law determines when a Bivens claim accrues, the law of the forum state determines the statute of limitations for such a claim . . . . Tolling provisions for Bivens claims are also borrowed from the forum state." Papa v. United States, 281 F.3d 1004, 1009 (9th Cir. 2002). Thus, California's two-year personal injury statute of limitations applies to Bivens claims arising in California. See Van Strum v. Lawn, 940 F.2d 406, 410 (9th Cir. 1991). Under federal law, "a Bivens claims accrues when the plaintiff knows or has reason to know of the injury." Western Ctr. for Journalism v. Cederquist, 235 F.3d 1153, 1156 (9th Cir. 2002).

Defendants state that the searches of which plaintiff complains occurred on November 10, 2008. (Sanchez Decl. ¶ 15; Avakian Decl. ¶ 2.) At the latest, by his own admission, plaintiff discovered that his jewelry and other items were missing from his residences about three or four days after plaintiff's release from custody on November 6, 2009. (Pl. Decl. ¶ 23.) Therefore, even assuming that plaintiff did not know or have reason to know of the injury of which he complains until November 9 or 10, 2009, plaintiff would have had to file this federal action within two years – or, on or before November 10, 2011. However, plaintiff did not file this federal complaint until July 27, 2012, more than eight months after the statute of limitations ended. Accordingly, plaintiff's complaint is untimely.

## CONCLUSION

Defendants' motion to dismiss is GRANTED.[1] The clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED:  : 142136

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

---

[1] Because the court is granting defendants' motion to dismiss as untimely, it is unnecessary to address defendants' alternative motion for summary judgment.

Order Granting Motion to Dismiss
P:\PRO-SE\RMW\CR.12\Abpikar982mtdsol.wpd     2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

HASSAN ABPIKAR,

        Plaintiff,

  v.

DWAYNE SANCHEZ et al,

        Defendant.

Case Number: CV12-03982 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 21, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Hassan Abpikar
1509 Silver Ranch Lane
San Jose, CA 95138

Dated: August 21, 2014

                                          Richard W. Wieking, Clerk
                                          By: Jackie Lynn Garcia, Deputy Clerk